IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LINH THI MINH TRAN**,

    Plaintiff,

    v.

**CLEAR RECON CORP. et al.**,

    Defendants.

Case No. 3:16-cv-2318-SI

**OPINION AND ORDER**

[Clackamas County Circuit Court
Case No. 16CV36714]

Linh Thi Minh Tran, 12542 S.E. Cappella Court, Happy Valley, OR 97086, *pro se*.

Lukasz I. Wosniak and Bradford E. Klein, WRIGHT FINLAY & ZAK, LLP, 4665 MacArthur Court, Suite 200, Newport Beach, CA 92660. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

    Plaintiff Linh Thi Minh Tran filed this lawsuit *pro se* in the Circuit Court of the State of Oregon for the County of Clackamas against Clear Recon Corp. ("CRC"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Ocwen Loan Servicing, Inc. ("Ocwen"); and Deutsche Bank National Trust Company, as trustee for GSAA Home Equity Trust 2006-16, asset-backed certificates series 2006-16 ("Deutsche Bank") (collectively, "Defendants"). On December 14, 2016, Ocwen, Deutsche Bank, and MERS (collectively, "Removing Defendants") removed this

PAGE 1 – OPINION AND ORDER

case to this Court on the basis of diversity of citizenship. Plaintiff moves to remand, primarily on the ground that the notice of removal is untimely. For the following reasons, Plaintiff's motion is granted.

## STANDARDS

To remove a state court action to federal court, a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"). If a plaintiff serves multiple defendants at different times, "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). "The issue of the sufficiency of service of process prior to removal is strictly a state law issue." *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

In *Baker v. Foy*, the Oregon Supreme Court established a two-step methodology for determining whether service of process is adequate under Oregon Rule of Civil Procedure 7 ("ORCP"). 310 Or. 221, 228-29 (1990). First, the court must determine whether "the method in which service of summons was made [was] one of those methods described in ORCP 7 D(2), specifically permitted for use upon the particular defendant by ORCP 7 D(3), and accomplished in accordance with ORCP 7 D(2)." *Id.* at 228. If so, then service is presumptively adequate. *Id.* at 229. If service did not comply with one of the presumptively adequate methods in ORCP 7 D, then the court moves on to step two of the analysis. Step two asks whether the manner of service "satisf[ies] the 'reasonable notice' standard of adequate service set forth in ORCP 7 D(1)." *Id.*

PAGE 2 – OPINION AND ORDER

at 229. ORCP 7 D(1) requires that service be made "in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." To determine whether or not service of process was "reasonably calculated" to apprise defendants of the action, courts examine "the totality of the circumstances as they were known to plaintiff at the time of service." *Paschall v. Crisp*, 138 Or. App. 618, 624 (1996); *see also Davis Wright Tremaine, LLP v. Menken*, 181 Or. App. 332, 339 (2002) (focusing on whether plaintiff's conduct was objectively reasonable, not on the defendant's subjective notice). The plaintiff bears the burden of showing that service was reasonably calculated to apprise each defendant of the pending action. *Murphy v. Price*, 131 Or. App. 693, 696 (1994).

## DISCUSSION

Plaintiff argues that the notice of removal is procedurally defective because it is untimely and because CRC did not consent to the removal.[1] Plaintiff seeks costs and fees resulting from the assertedly improper removal.

### A. Timeliness of Removal

Plaintiff argues that she served MERS (the Removing Defendant with the latest receipt of service) on November 10, 2016, requiring Defendants to file a notice of removal by December 9, 2016. *See* ECF 9 at 3-4. Because Removing Defendants filed the notice of removal on December 14, 2016, Plaintiff argues, the notice was untimely. Removing Defendants respond that the 30-day removal window has not yet closed, or even opened, because service of process

---

[1] Plaintiff also argues that remand is appropriate because Removing Defendants' Certificate of Interested Parties is improper. On this point, Plaintiff appears to argue the merits of the case, including whether MERS is qualified to be a true beneficiary of the deed of trust and whether the trust deed is valid. Because these issues go to the merits and cannot be appropriately resolved on a motion to remand, the Court does not address them further.

PAGE 3 – OPINION AND ORDER

on Removing Defendants was inadequate.[2] The Court applies the two-part *Baker v. Foy* test for determining the adequacy of service of process in Oregon.

### 1. Presumptive Adequacy

ORCP 7 D identifies personal service and office service as the primary service methods for limited liability companies ("LLCs") and corporations, but includes service by mail as an alternative method.[3] ORCP 7 D(3)(b)(i)-(ii), D(3)(c)(i)-(ii). Service by mail on the Removing Defendants was an appropriate alternative because the parties have presented no evidence that registered agents, officers, directors, managers, or members of the Removing Defendants are present in Clackamas County where the action was filed. *See* ORCP 7 D(3)(b)(ii), D(3)(c)(ii). For service by mail on an LLC or a corporation to be presumptively adequate, the mailing should be sent to "the office of the registered agent or to the last registered office" of the corporation or the LLC, "as shown by the records on file in the office of the Secretary of State." ORCP 7 D(3)(b)(ii)(C), D(3)(c)(ii)(C).

Service may also be sent "to any address the use of which the plaintiff knows or has reason to believe is most likely to result in actual notice." ORCP 7 D(3)(b)(ii)(C), D(3)(c)(ii)(C). Mailing the summons and complaint to Removing Defendants' registered agents would have been presumptively adequate service because Removing Defendants have registered agents in

---

[2] Removing Defendants also argue that Plaintiff waived her right to challenge removal because she sought a temporary restraining order ("TRO") in this Court, which was granted. Plaintiff correctly responds that she filed her motion to remand on January 9, 2017, before requesting the TRO on January 20, 2017. *See* ECF 25 at 8. In the motion for the TRO, Plaintiff sought to restrain a sale of the property at issue in this case, which was scheduled to occur before the resolution of the motion to remand. ECF 15 at 2.

[3] ORCP 7 D specifies slightly different methods of service of process, depending on whether the defendant to be served is an LLC or a corporation. Of the Removing Defendants, Ocwen is an LLC and MERS and Deutsche Bank are corporations. Nevertheless, these differences are not relevant here.

PAGE 4 – OPINION AND ORDER

Oregon. Plaintiff, however, did not serve Removing Defendants' registered agents. Because the Court finds that service was reasonably calculated to apprise Removing Defendants of the pendency of this case, the Court need not decide whether Plaintiff served Removing Defendants at the address "plaintiff knows or has reason to believe is most likely to result in actual notice." *See* ORCP 7 D(3)(b)(ii)(C), D(3)(c)(ii)(C).

### 2. Whether the Manner of Service Provided Reasonable Notice

At step two of the *Baker v. Foy* test, the Court considers whether service was "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."[4] ORCP 7 D(1). As an initial matter, Removing Defendants state that Plaintiff herself served each Defendant. Removing Defendants argue that such service of process was inadequate because process must be served by a non-party. *See* ORCP 7 E. Service of process by mail, however, may also be made by an attorney for any party. *Id.* Because Plaintiff is *pro se* in these proceedings, she is her own attorney. Further, this Court interprets ORCP 7 G as excusing any possible error on this point because Defendants "received actual notice of the substance and pendency of the action." Actual notice was sufficient to enable Removing Defendants to file the notice of removal on December 14, 2016.

---

[4] Removing Defendants argue that service was inadequate under Or. Rev. Stat. § 60.121(1), which provides that "[t]he registered agent appointed by a corporation shall be an agent of the corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation *may be* served." Or. Rev. Stat. § 60.121(1) (emphasis added). The statute also states, however, that "[n]othing contained in this section shall limit or affect the right to serve any process, notice or demand required or permitted by law to be served upon a corporation in any other manner now or hereafter permitted by law." Or. Rev. Stat. § 60.121(6). Thus, the Court must consider whether service was "reasonably calculated, under all the circumstances, to apprise the defendant . . . of the action." *Baker*, 310 Or. at 229.

PAGE 5 – OPINION AND ORDER

As discussed further below, service of process was reasonably calculated, under the totality of the circumstances, to apprise Defendants of the pending action because Removing Defendants received actual notice of the case and were unaware of any deficiency in the manner of service until after they removed this case and received Plaintiff's Motion to Remand. ECF 19 at 3 n.1. In addition, the Court finds persuasive the facts that: (1) Plaintiff addressed each mailing to the Removing Defendants at the addresses listed in correspondences from Ocwen about her loan or in the Assignment of Deed of Trust; and (2) representatives of, or employees at, the Removing Defendants' addresses signed receipts indicating to Plaintiff that these Defendants had received service.

### a. Procedural Deficiencies in Plaintiff's Service of Process Went Unnoticed Until After Defendants Removed the Case

Although Removing Defendants now argue that the last-served Defendant received service on November 10, 2016, the Court notes that they have not always maintained this position. In the notice of removal, Removing Defendants contend that the removal is timely because "service of process on one of the Defendants occurred on November 15, 2016." ECF 1 at 8. Removing Defendants revised their position in their response to Plaintiff's motion to remand, acknowledging that MERS received the summons and complaint on November 10, 2016. ECF 19 at 3 n.2. Despite MERS's actual receipt of the summons and complaint, Removing Defendants now argue that "when counsel obtained Plaintiff's proofs of service, counsel discovered that service was not legally accomplished at all." ECF 19 at 3 n.1.

This Court cannot conclude that the manner of service was not reasonably calculated to apprise Defendants of the action when Defendants themselves were unaware of the asserted deficiencies until they received Plaintiff's motion to remand. This is particularly the case because Removing Defendants concede that MERS received actual notice on November 10, 2016, and

PAGE 6 – OPINION AND ORDER

Plaintiff in this case is *pro se*.[5] *See Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1350 (D. Kan. 1994) (holding that when a "plaintiff proceeds *pro se* . . . courts should generally overrule technical objections to service of process when the defendant has not been denied due process" (citations omitted)); ORCP 7 G (excusing errors in the "form" or "issuance" of summons when defendant received actual service).

### b. Mailing Addresses

The addresses to which Plaintiff mailed service also support a finding that service was adequate. Regarding Ocwen, Plaintiff sent copies of the summons and complaint via first class and certified mail, return receipt requested to "Ocwen Loan Servicing LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida." ECF 25-2 at 6. Ocwen itself directed Plaintiff to mail financial documents to this address. ECF 25-1 at 15. It is also the address listed in the Oregon Secretary of State's registry as Ocwen's principal place of business, mailing address, and a manager's office. ECF 20 at 42-43.

Regarding Deutsche Bank, Plaintiff sent copies of the summons and complaint via first class and certified mail, return receipt requested to "1761 East St. Andrew Place, Santa Ana, CA 92705." ECF 25-2 at 6. The mail was addressed to "Deutsche Bank National Trust Company, as trustee for GSAA Home Equity Trust 2006-16, asset-backed certificates series 2006-16" and indicated that a summons and complaint were enclosed. ECF 25-2 at 6. Plaintiff received this address for Deutsche Bank from Ocwen, her loan servicing company, in Ocwen's response to Plaintiff regarding her Consumer Financial Protection Bureau complaint, dated

---

[5] The Court recognizes that actual notice is not dispositive under Oregon law, but finds that the manner of service was reasonably calculated to apprise Removing Defendants of the action under the circumstances of this case. *See Benavidez v. Benavidez*, 161 Or. App. 73, 79-80 (1999) (noting that "failure of the defendant to receive actual notice is not dispositive of the question of adequacy").

May 7, 2015.[6] ECF 25-1 at 17. Ocwen's response states that, "[t]he entity that currently owns the loan and holds the note is Deutsche Bank . . . 1761 East St. Andrew Place, Santa Ana, CA 92705." ECF 25-1 at 17. In light of the business relationship, from Plaintiff's perspective, between Ocwen, her loan servicing company, and Deutsche Bank, the entity that owns her loan, Plaintiff reasonably believed that Ocwen provided her with a valid and appropriate address at which to reach Deutsche Bank. *Cf. Va. Lime Co. v. Craigsville Distrib. Co., Inc.*, 670 F.2d 1366, 1367-69 (4th Cir. 1982) (finding that service was "reasonably calculated to reach interested parties" when plaintiff sent service to the address most recently used by the defendant in business correspondences with Plaintiff, despite the fact that the Virginia Secretary of State listed a different address as defendant's principle place of business and that plaintiff had knowledge that the defendant worked from this registered address).[7]

Regarding MERS, Plaintiff sent copies of the summons and complaint via first class and certified mail, return receipt requested, to "P.O. Box 2026, Flint, MI, 48501-2026." ECF 25-2 at 6. The Assignment of Deed of Trust for Plaintiff's property lists the address for MERS as this Michigan location. ECF 25-1 at 12. A different address is listed for MERS's registered agent on the Oregon Secretary of State's registry. ECF 20-1 at 53-56. Considering the legal weight of the Assignment of the Deed of Trust and its relevance to the underlying property dispute, Plaintiff's decision to mail the summons and complaint to MERS in Flint, Michigan, supports the Court's determination that service was reasonably calculated to inform MERS of the case.

---

[6] The Court notes that in October 2012, Ocwen told Plaintiff to contact Deutsche Bank at Ocwen's West Palm Beach, Florida address "C/O Ocwen." ECF 25-1 at 17. Given that Ocwen only more recently provided an address at which to contact Deutsche Bank directly, the Court finds that it was reasonable to serve Deutsche Bank at the Santa Ana address.

[7] *Va. Lime Co.* involved different underlying state law, but this Court finds it persuasive as to the assessment of what is "reasonably calculated" to notify the Removing Defendants of the case.

PAGE 8 – OPINION AND ORDER

### c. Return Receipts

Finally, Plaintiff indicated on each mailing slip that the mailing contained a summons and complaint and received signed return receipts from each address. ECF 25-2 at 6. According to the return receipts, CRC signed for and received service via certified mail on November 8, 2016; Ocwen signed for and received service via certified mail on November 9, 2016; Deutsche Bank signed for and received service via certified mail on November 9, 2016; and MERS signed for and received service via certified mail on November 10, 2016. ECF 11 at 8, 13, 18, 23. It was objectively reasonable for Plaintiff to have believed upon receiving the return receipts that Defendants had received and accepted the summons and complaint and that she need not attempt any further follow-up service. *Cf. Oltremari by McDaniel*, 871 F. Supp. at 1351 ("A signed certificate of receipt for certified mail would logically raise an inference that the recipient has some direct or implied authority to accept the mail on behalf of the addressee."); *Edwards v. Edwards*, 310 Or. 672, 674-75 (1990) (en banc) (finding service was inadequate where plaintiff received return receipts stamped "UNCLAIMED" and then followed up with regular mail to defendant's family members).

Thus, the Court holds that under the facts and circumstances of this case, Plaintiff's "conduct was objectively, reasonably calculated to achieve the necessary end" of apprising the Defendants of the pending action and allowing them to mount a defense. *Davis Wright Tremaine, LLP*, 181 Or. App. at 339. Because Plaintiff adequately served MERS, the latest-served Defendant, on November 10, 2016, the last day timely to file a notice of removal was December 12, 2016.[8] *See* ECF 19 at 3 n.2; 28 U.S.C. § 1446(b)(2)(c). The notice of removal was

---

[8] Removing Defendants correctly argue that the 30-day period ended on December 10, 2016, rather than December 9, and that the last day to file timely was Monday, December 12 rather than Saturday, December 10. Fed. R. Civ. Proc. 6(a)(1) (excluding from periods quantified

PAGE 9 – OPINION AND ORDER

untimely because it was filed on December 14, 2016, two days after the applicable 30-day window expired.[9]

## B. CRC Consented to Removal

Plaintiff also argues that removal is improper because CRC did not properly consent to removal. The Court observes that the notice of removal states that CRC "has consented to this removal." ECF 1 ¶ 5. Since the filing of the notice on December 14, 2016, CRC has also filed its "affirmative consent to removal." ECF 22. Thus, CRC has consented to removal. *See Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 760-61 (6th Cir. 2016) ("Waiver of the right to remove must be 'clear and unequivocal.'" (quoting *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990)). Even if CRC has now consented to removal, Plaintiff argues that CRC waived its right to consent when it filed an answer in state court on December 9, 2016. This argument contradicts Federal Rule of Civil Procedure 81, which contemplates that a defendant may file an answer in state court prior to filing for removal. *See* Fed. R. Civ. P. 81(c)(2) ("*Further Pleading.* After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules . . . ."). Thus, CRC did not waive its right to remove by filing an answer in state court.

---

in days "the day of the event that triggers the period" and a Saturday or Sunday if it is the "last day of the period"); ECF 9 at 3 n.2.

[9] Removing Defendants also argue that the case should not be remanded because Plaintiff did not suffer prejudice from the untimely filed notice. To support their argument Removing Defendants cite *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212-13 (9th Cir. 1980), for the proposition that the Court has discretion to retain jurisdiction over this matter. Although *Fristoe* notes that Courts have discretion to retain jurisdiction over untimely removed cases if a plaintiff waives its right to object to the untimeliness, *Fristoe* holds that the notice of removal "time limit is mandatory and a timely objection to a late petition will defeat removal." *Id.* at 1212.

### C. Plaintiff Is Not Entitled to Costs and Fees

Plaintiff asks this Court to order Removing Defendants to pay her $5,000 in fees and costs associated with opposing removal. ECF 9 at 8-9. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Removing Defendants removed on the basis of diversity jurisdiction, which Plaintiff has not contested. Thus, Removing Defendants had an objectively reasonable basis for seeking removal. This Court does not consider Removing Defendants' untimely filing so manifestly unreasonable that Removing Defendants lacked any "reasonable basis for seeking removal." *Id.* at 141.

## CONCLUSION

Plaintiff's Motion to Remand to State Court (ECF 9) is GRANTED. This case is REMANDED to the Circuit Court of the State of Oregon for the County of Clackamas. The Clerk of this Court is ORDERED to mail a certified copy of this order to the Clerk of the Circuit Court of the State of Oregon for the County of Clackamas.

**IT IS SO ORDERED**.

DATED this 15th day of February, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge